**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRE LASHAUN PRICE, | No. 23-55324 |
| Petitioner-Appellant, | D.C. No. 2:21-cv-09446-RGK-JPR |
| v. | |
| CARLOS ARCE, Acting Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 4, 2025
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Andre Lashaun Price appeals the district court's dismissal of his habeas

petition as impermissibly "second or successive" under the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(b). We

review de novo the dismissal of a habeas petition as "second or successive" under

AEDPA. *Brown v. Atchley*, 76 F.4th 862, 872 (9th Cir. 2023). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 2253, and we reverse.

In 2014, Price was convicted of second-degree murder in California state court, likely based on a theory of accomplice liability. In 2017, Price filed his first[1] federal habeas petition, in which he challenged the sufficiency of the evidence and the jury instructions. The district court denied that petition on the merits.

On January 1, 2019, California Senate Bill 1437 ("SB 1437") amended state law relating to accomplice liability for murder. *Brown*, 76 F.4th at 869–70; Cal. Penal Code § 1172.6 (West 2022). On December 1, 2021, Price filed a federal habeas petition, this time arguing his Sixth and Fourteenth Amendment rights were violated by the trial judge instructing the jury on a form of accomplice liability that had since been invalidated by SB 1437. The district court granted the State's motion to dismiss Price's habeas petition as "second or successive," reasoning that Price's challenges to the jury instructions had been raised in his previous habeas petition. *See* 28 U.S.C. § 2244(b).

A second-in-time or subsequent habeas petition, however, is not "second or successive" under AEDPA if it raises a newly ripe claim "that could not have been raised in a prior petition." *Brown*, 76 F.4th at 867. Price's claim that the jury was instructed on an invalid theory of guilt could not have been raised until California

---

[1] Price also filed a federal habeas petition prior to his sentencing in 2014, which the district court dismissed without prejudice.

amended the law relating to accomplice liability on January 1, 2019. The sole basis of Price's claim—the 2019 adoption of SB 1437—could not have been asserted in his 2017 petition. Therefore, Price's failure to raise these claims in his earlier habeas petition "is not an abuse of the writ," and Price's habeas petition is not "second or successive" under AEDPA. *Id.* at 873.

**REVERSED AND REMANDED.**